Constantin V. Roboostoff (SBN 69328)
cvr1@earthlink.net
William B. Reilly (SBN 177550)
bill@williambreilly.com
**ROBOOSTOFF & KALKIN**
369 Pine Street, Suite 820
San Francisco, CA 94104
Telephone (415) 732-0282
Facsimile (415) 732-0287

Attorneys for plaintiff Paula Berg, M.D.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAULA BERG, M.D., | Case No. |
| Plaintiff, | **COMPLAINT** |
| v. | |
| UNUM LIFE INSURANCE COMPANY OF AMERICA, | [ERISA, 29 U.S.C. Sections 1001 et seq.] |
| Defendant. | |

Plaintiff, Paula Berg, M.D., alleges as follows:

**JURISDICTION**

1. This is an action for long term disability benefits under an ERISA plan. Plaintiff's claims for relief arise under the Employee Retirement Income Security Act of 1974, 29 U.S.C. Sections 1001, et seq. (hereinafter, "ERISA"). This Court has subject matter jurisdiction of the action under 29 U.S.C. § 1132 and 28 U.S.C. § 1331.

//

//

COMPLAINT

1

**INTRADISTRICT ASSIGNMENT**

2. A substantial part of the events or omissions which give rise to Plaintiff's claims occurred in the County of San Francisco, California.

**FACTS**

3. At all relevant times, Plaintiff was a participant in Mednax Services, Inc. Employee Welfare Benefits Plan ("Plan") that encompassed long term disability benefits funded by an insurance policy issued by Defendant Unum Life Insurance Company of America ("Unum").

4. At all relevant times, Unum was a fiduciary of the Plan within the meaning of ERISA § 3(21), 29 U.S.C. § 1002(21), acted as the claims fiduciary for the Plan, and exercised authority and control over the payment of long term disability benefits ("benefits").

5. Under the Plan, in order for Plaintiff to be entitled to benefits, her disability must prevent her from being able to perform the substantial and material duties of her regular occupation.

6. Plaintiff is a 65 year old cardiac anesthesiologist who stopped working in January 2019 due to an invasive ductal carcinoma of her right breast for which she underwent a right lumpectomy with sentinel lymph node biopsy on January 23, 2019, followed by radiation therapy and hormone therapy.

Following her treatment for cancer, Plaintiff developed cognitive deficits such as difficulty with multitasking, processing information in a timely manner, losing her train of thought, and struggling with common everyday matters such as balancing her checkbook, following recipes and remembering that she left something on the stove.

7. The cognitive demands of Plaintiff's occupation as a cardiac anesthesiologist included performing effectively under stress, dealing with people, making judgments and decisions, high aptitude for clerical perception (attention to detail), verbal aptitude, numeric

COMPLAINT

aptitude, spatial aptitude and extremely high aptitudes for general learning ability and form perception.

8. In April 2019, Plaintiff's claim for benefits under the Plan was initially approved by Unum and then terminated in April 2020, on the basis the medical evidence no longer supported medically necessary restrictions or limitations that would preclude Plaintiff from working as an anesthesiologist.

9. In July 2020, Plaintiff appealed the termination decision and provided additional medical evidence which clearly demonstrated that as a result of her medical condition she was and is unable to work as an anesthesiologist or in any other gainful occupation for which she would be suited by training, education and experience.

10. Although Unum conceded in August 2020, that the medical evidence demonstrated Plaintiff's medical condition prevents her from working as an anesthesiologist, Unum, for the first time, took the position that Plaintiff would no longer receive benefits because the Plan contains a 12 month lifetime cumulative maximum benefit period for all disabilities due to mental illness.

11. In September 2020, Plaintiff appealed and protested Unum's decision to limit her claim to 12 months and provided medical evidence demonstrating that Plaintiff's disability was due to a medical condition and not a mental illness.

12. In December 2020, Unum denied Plaintiff's appeal and continued to assert that Plaintiff's benefits were limited to 12 months because her disability was due to mental illness. As such, Plaintiff's benefits would end as of February 1, 2021.

13. Plaintiff has exhausted her administrative remedies.

14. At all relevant times herein, Plaintiff has been, and remains, disabled from a medical condition and entitled to receive benefits under the terms of the Plan

//

COMPLAINT

## CLAIM FOR RELIEF
**[Claim for Benefits Pursuant to ERISA § 502 (a) (1) (B)]**

15. Plaintiff incorporates Paragraphs 1-14 as though fully set forth herein.

16. ERISA § 502 (a) (1) (B), 29 U.S.C. § 1132 (a) (1) (B), permits a participant of a plan to bring a civil action to recover benefits due to her under the terms of the Plan, to enforce her rights under the terms of the Plan, and /or to clarify her rights to future benefits under the terms of the Plan.

17. By limiting Plaintiff's benefit payments to 12 months, Unum has violated, and continues to violate, the terms of the Plan and Plaintiff's rights thereunder.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays the court to enter judgment against Unum as follows:

A. Declare that Unum violated the terms of the Plan and Plaintiff's rights thereunder by failing to grant Plaintiff's request for a full and fair review and pay Plaintiff's benefits beyond February 1, 2021;

B. Order Unum to pay Plaintiff's benefits pursuant to the terms of the Plan from February 1, 2021, through the date judgment is entered herein, together with prejudgment interest on each and every such monthly payment through the date judgment is entered herein;

C. Award Plaintiff prejudgment interest on all damages requested herein;

D. Award Plaintiff reasonable attorney's fees and costs of suit incurred herein pursuant to ERISA § 502 (g), 29 U.S.C. § 1132 (g); and

//
//
//
//
//

COMPLAINT

1  E. Provide such other relief as the Court deems equitable and just.

Dated: February 1, 2021                    **ROBOOSTOFF & KALKIN**


By: */s/ William Reilly*
    William Reilly
    Attorneys for Plaintiff

COMPLAINT

5